Opinion issued December 20, 2007












In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00714-CR






RICKY EDWARD STEELE, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 182nd District Court

Harris County, Texas

Trial Court Cause No. 1059319






MEMORANDUM OPINION

 A jury convicted appellant, Ricky Edward Steele, of the felony offense of driving
while intoxicated and, after finding the enhancement paragraphs "true," assessed
punishment at twenty-five years in prison. See Tex. Penal Code Ann. §§ 49.04, 49.09
(Vernon 2003 & Supp. 2007). In addition, appellant's driver's license was suspended for
two years. In two issues, appellant challenges the legal and factual sufficiency of the
evidence. 

 We affirm.

Background


 On Sunday afternoon, February 26, 2006, a truck driven by appellant, owned by
Best Port-o-Lets, collided with an eighteen-wheeler driven by Tommy Williams at the
intersection of Gessner and Hempstead, in Harris County. At trial, Williams testified that
as he approached the intersection the red light turned green. After the collision, Williams
walked around his vehicle inspecting the damage, put out warning signs, and went to a
convenience store across the street to buy a disposable camera. He insisted that appellant
not move his vehicle. He called the police, and he began taking pictures. Meanwhile,
appellant also went to the convenience store across the street, and he returned drinking
a can of beer. 

 When the police arrived, appellant was belligerent and refused any field sobriety
tests. Three police officers testified that they had been trained to determine if a person
was intoxicated, and based on their observations of appellant that day, they believed he
was intoxicated. The police brought appellant to the police station, where he again
declined to do any sobriety testing, including the intoxilyzer test.

 Williams identified appellant in open court as the driver of the truck that hit his
truck. In addition, Williams testified multiple times that he saw appellant driving the
truck that hit him. Specifically,


 "I noticed the defendant was . . . holding on to the steering wheel, looking
around in his cab . . . [H]e was the only one in the vehicle. There was [sic]
not two people in that vehicle."



 "So, I look in my rear-view mirror, and I see that the vehicle is, in fact, up
against my trailer. The driver, which is the defendant, was sitting there . .
. ." 



 "And like I said, when I was approaching the intersection and going through
the intersection, I could see the defendant behind the wheel."



 "There was a single person in that vehicle, and it was Mr. Steele."



 "Mr. Steele was intoxicated. He was behind that steering wheel. And I'm
glad he hit me and not a family."


 Nevertheless, appellant contends that he was not driving the truck that collided
with Williams's truck that day. Appellant contends that his friend, Mark Knight, was
driving the truck to a repair shop for him because the brakes on the truck were
malfunctioning. 

 Knight testified that he, not appellant, was driving the truck. Knight testified that
it was his idea to take the truck to the shop on Sunday afternoon, because he thought it
would be unsafe to drive a truck with faulty brakes in Monday morning traffic. He said
that he volunteered to drive because appellant had been drinking. He testified that he did
not know the name of the repair shop and that appellant was riding with him to show him
the way to go. He further testified that a friend named Larry had planned to pick them
up from the repair shop.

 Knight testified that he left the scene of the accident two to four minutes before the
police arrived and that he walked two to three miles home to avoid being arrested on an
outstanding warrant. Knight further testified that he was previously convicted of felony
driving while intoxicated.

 Larry Watts testified that he had planned to pick up Knight and appellant from the
truck repair shop, although he did not know the name of the repair shop or its location. 
He further testified that he had been friends with appellant for 25 years and that he had
been convicted of felony driving while intoxicated, among other crimes. He did not know
who was driving.

 Appellant testified that his memory of the accident was hazy because he had been
drinking. He testified that Knight was driving the truck. Contrary to Knight's testimony,
appellant testified that the repair shop had instructed him to bring the truck in that
Sunday. He admitted that he purchased another beer after the collision, and he admitted
14 prior convictions, including theft by receiving, theft, burglary of a building, and three
prior convictions for driving while intoxicated. At the time of the crash, he was on parole
for driving while intoxicated. 

 On appeal, appellant admits that he was intoxicated, but he contends the evidence
was legally and factually insufficient to prove that he was driving.


Legal Sufficiency 


 In evaluating the legal sufficiency of the evidence, we view the evidence in the
light most favorable to the verdict and determine whether any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2788-89 (1979); Vodochodsky v. State,
158 S.W.3d 502, 509 (Tex. Crim. App. 2005). We note that the trier of fact is the sole
judge of the weight and credibility of the evidence. Margraves v. State, 34 S.W.3d 912,
919 (Tex. Crim. App. 2000). Thus, when performing a legal-sufficiency review, we may
not re-evaluate the weight and credibility of the evidence and substitute our judgment for
that of the fact finder. Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). 
We must resolve any inconsistencies in the evidence in favor of the verdict. Curry v.
State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

 Here, appellant was convicted of the felony offense of driving while intoxicated. 
A person commits the offense of driving while intoxicated if the person is intoxicated
while operating a motor vehicle in a public place. Tex. Penal Code Ann. § 49.04(a)
(Vernon 2003). Driving while intoxicated is a felony of the third degree if the person has
previously been convicted twice before of driving while intoxicated. Id. § 49.09(b)(2)
(Vernon Supp. 2007). 

 Williams unequivocally testified that appellant was driving the truck that struck
his truck while on the public roadway. Although appellant testified that he was not
driving the truck, the jury was entitled to believe Williams's testimony and doubt
appellant's testimony. See Margraves, 34 S.W.3d at 919. Moreover, in this legal
sufficiency review, we must resolve this inconsistency in the testimony in favor of the
jury's verdict of guilt. Curry v. State, 30 S.W.3d at 406. In addition, appellant admits
that he was intoxicated, and three police officers also testified that he was intoxicated. 
One police officer testified that roadways are public places. Appellant admitted to three
prior driving-while-intoxicated convictions. We conclude the evidence was legally
sufficient.

 We overrule appellant's first issue.

Factual Sufficiency

 When conducting a factual-sufficiency review, we view all of the evidence in a
neutral light. Cain v. State, 958 S.W.2d 404, 408 (Tex. Crim. App. 1997). We will set
the verdict aside only if (1) the evidence is so weak that the verdict is clearly wrong and
manifestly unjust or (2) the verdict is against the great weight and preponderance of the
evidence. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). Under the first
prong of Johnson, we cannot conclude that a conviction is "clearly wrong" or "manifestly
unjust" simply because, on the quantum of evidence admitted, we would have voted to
acquit had we been on the jury. Watson v. State, 204 S.W.3d 404, 417 (Tex. Crim. App.
2006). Under the second prong of Johnson, we cannot declare that a conflict in the
evidence justifies a new trial simply because we disagree with the jury's resolution of that
conflict. Id. Before finding that evidence is factually insufficient to support a verdict
under the second prong of Johnson, we must be able to say, with some objective basis in
the record, that the great weight and preponderance of the evidence contradicts the jury's
verdict. Id. In conducting a factual-sufficiency review, we must also discuss the
evidence that, according to the appellant, most undermines the jury's verdict. See Sims
v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

 We may not re-weigh the evidence and substitute our judgment for that of the fact-finder. King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). The fact-finder alone
determines what weight to place on contradictory testimonial evidence because that
determination depends on the fact-finder's evaluation of credibility and demeanor. Cain,
958 S.W.2d at 408-09. As the determiner of the credibility of the witnesses, the fact
finder may choose to believe all, some, or none of the testimony presented. Id. at 407 n.5.
 Here, appellant contends that Williams's testimony was self-serving and
outweighed by his and Knight's testimony that Knight was driving the truck. Williams
clearly testified that appellant was driving the truck. Although Knight said he was driving
the truck, he admitted that he was a long-time friend of appellant's. Appellant also
testified that Knight was driving the truck. Nevertheless, appellant conceded that his
memory was impaired because he had been drinking, and he admitted to prior crimes
involving dishonesty. He testified that he did not want to go back to jail. The jury clearly
chose not to believe appellant and Knight. This was their province. See Margraves v.
State, 34 S.W.3d at 919. Because the verdict is not against the great weight and
preponderance of the evidence, appellant has not shown that the evidence was factually
insufficient.

 We overrule appellant's second issue.

CONCLUSION

 We affirm the judgment of the trial court.




 Sam Nuchia

 Justice


Panel consists of Justices Nuchia, Jennings, and Keyes.


Do not publish. Tex. R. App. P. 47.2(b).